**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD FREDERICK BROWN

                Petitioner,

v.                                           Civil Case No. 04-60178
                                        Criminal Case No. 02-90022

UNITED STATES OF AMERICA,
                                        HON. MARIANNE O. BATTANI

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE**

**I.   INTRODUCTION**

Before the Court is Petitioner Brown's 28 U.S.C. §2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. #18).[1] Petitioner contends that he is permitted to bring this motion in light of a newly recognized right by the Supreme Court. Presumably, Petitioner refers to the Supreme Court's recently holdings in Blakely v. Washington, __U.S.__, 124 S.Ct. 2531 (2004), and United States v. Booker, __U.S.__, 125 S.Ct. 738 (2005). Petitioner thereby argues that the Court erred by enhancing his sentence based on facts that were found using the preponderance of the evidence standard. For the reasons discussed below, the Court **DENIES** the motion.

**II.   STANDARD OF REVIEW**

A federal prisoner may file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To prevail on a motion alleging constitutional error, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Brecht v. Abrahamson, 507 U.S. 619, 653-38 (1993);

---

[1] The Government has not filed a response to Petitioner's motion.

-1-

Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). To prevail on a motion alleging non-constitutional error, the movant must demonstrate a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

### III. ANALYSIS

In the past two years, the "sentencing landscape [has] changed dramatically." United States v. Kuhn, 351 F.Supp.2d 696, 698 (E.D.Mich. 2005). On June 24, 2004, the Supreme Court found unconstitutional a state court sentencing scheme that permitted the sentencing judge to enhance a defendant's sentence beyond the statutory maximum. Blakely v. Washington, __U.S.__, 124 S.Ct. 2531 (2004). The scheme was unconstitutional because the constitution requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. 124 S.Ct. 2531.

On January 12, 2005, the Supreme Court extended the Blakely holding to the Federal Sentencing Guidelines and held that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial. United States v. Booker, __U.S.__, 125 S.Ct. 738 (2005). In so holding, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756. Rather

than invalidate the Guidelines in their entirety, the Court severed a provision making the Guidelines mandatory and an appellate review provision that required district judges to impose a sentence within the Guideline range or justify their departure. As a result of these changes, a sentencing judge need only consider the Guideline ranges as advisory. Id.

The Booker decision provides no support for Petitioner's motion for two reasons. First, it does not appear that the Court based any enhancement on facts that were not contained in the Rule 11 Plea Agreement. By pleading guilty to Count 1 of the indictment and executing the Rule 11 agreement, Petitioner stipulated to the information upon which his sentence was based. Accordingly, the Court conducted no fact-finding in violation of Apprendi or Booker. United States v. Webb, 403 F.3d 373, 381(6th Cir. 2005). Second, he Sixth Circuit has held that the Booker decision does not apply retroactively in collateral proceedings such as this. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Accordingly, Petitioner's motion must be denied in its entirety.

### IV.  CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Petitioner's motion to vacate.

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

DATED: July 13, 2005

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically delivered to Richard Frederick Brown and Elizabeth A. Stafford on this date by ordinary mail and e-filing

                                                s/Bernadette M. Thebolt
                                                CASE MANAGER